UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JONATHAN McPHEE,<br>    Plaintiff,<br><br>v.<br><br>SYMPHONY NEW HAMPSHIRE,<br>    Defendant. | )<br>)<br>)<br>)  Civil Action No. 1:18-cv-00322-LM<br>)<br>)<br>) |

**SUPPLEMENTAL MEMORANDUM TO MOTION FOR SUMMARY JUDGMENT**

NOW COMES Defendant Symphony New Hampshire ("SNH"), by and through its attorneys, Primmer Piper Eggleston & Cramer PC, and respectfully submits the following memorandum:

**I.    McPhee's Defamation Claim Must Still Fail as a Matter of Law.**

By order dated July 23, 2019, this Court granted McPhee's request to add "allegations about an e-mail from Symphony's Board President." Doc. 45 at 1. The email, sent approximately 30 days after SNH filed its Answer, and substantially repeating the denial of liability asserted therein, was sent to individuals who had reason to be concerned about the litigation. As indicated below, the June 6, 2018 e-mail in question (the "E-mail") fails to provide a basis for denying summary judgment.

**A.    The Alleged Defamatory Statements Were Not Defamatory.**

"To be defamatory, language must tend to lower the plaintiff in the esteem of any substantial and respectable group, even though it may be quite a small minority." *Duchesnaye v. Munro Enters., Inc.*, 125 N.H. 244, 249 (1984) (citation omitted). That test is "applied by the court *on motion for…summary judgment…*" *Id.* (emphasis added). When applied, "[i]t is axiomatic that '[w]ords alleged to be defamatory must be read in the context of the publication taken as a whole.'" *Id.*

The E-mail was written "to address recent news reports and allegations in a lawsuit filed by…McPhee." Ex. A. Despite his claim to the contrary, the E-mail does not call McPhee a liar or a poor or unprofessional employee. Instead, the E-mail is balanced and respectful. *Id.* It not only notes McPhee's allegations, it goes out of its way to state that SNH "will always be grateful for Jonathan's

1

contributions to Symphony NH over the nine years he worked with us and wish that things had worked out differently." Ex. A. As a matter of law, on its face the E-mail cannot be considered defamatory.

Additionally, the E-mail cannot be considered defamatory as a matter of law because it amounts to nothing more than general denials of McPhee's accusations against SNH. *See, e.g.*, *Zervos v. Trump*, 171 A.D.3d 110, 128 (N.Y. App. Div. 2019) (general denials with no allegation that accuser is a liar are not actionable); *Davis v. Boeheim*, 24 N.Y.3d 262, 271 (2014) (same and noting even accusation that plaintiff was a liar could be non-actionable if hyperbole); *McNamee v. Clemens*, 762 F. Supp. 2d 584, 601 (E.D.N.Y. 2011). As noted, SNH did not call McPhee a liar and simply asserted its general non-actionable denials. *See* Ex. A. Those denials were the same denials SNH made in its Answer filed more than a month before the E-Mail was sent. *See* Ans.

McPhee attempts to make this an issue of fact, but this an objective legal inquiry for this Court to make. *See Duchesnaye*, 125 N.H. at 249; *Nash v. Keene Pub. Corp.*, 127 N.H. 214, 219 (1985). One week before this filing, McPhee provided two affidavits from individuals who received the E-mail claiming they believed it to be "defamatory" in an apparent attempt to make this Court's legal determination for it. *See* Ex B; Ex C. The affidavits are as irrelevant as they are improper and this Court's determination must be based on the content and context of the E-mail alone.[1]

**B.     The Alleged Defamatory Statements Were Statements of Opinion and Not Fact.**

"Whether a given statement can be read as being or implying an actionable statement of fact is itself a question of law … considering the context of the publication as a whole." *Nash*, 127 N.H. at 219; Doc. 23-1 at 25-26. The E-mail was specifically written "to address recent news reports and

---

[1] Furthermore, those affidavits show the E-mail did not actually defame McPhee in the eyes of the affiants. *See* Ex. B ("I believe these statements *were intended to* cause me to think") (emphasis added); Ex. C (same). Ms. Tourangeau has subsequently confirmed that the E-mail "did not change [her] opinion of Jonathan McPhee" and she "continue[s] to have the same favorable opinion of Jonathan McPhee as [she] did before [she] received the June 2018 e-mail." Ex. D. Ms. Egan's affidavit likewise shows her opinion of McPhee did not change from the E-mail. *See* Ex. C at ¶ 9 ("would have"). The best McPhee's new affidavits can achieve is to raise a disputed issue of material fact with respect to the publication issue on the E-mail only, but even if McPhee could survive summary judgment with respect to the publication issue, the only defamation claim he could bring to trial would be restricted to the E-mail. *See* Doc. 23-6 at 42; Doc. 44-3. Even that narrow path forward would require this Court to disagree with all of SNH's arguments contained herein.

allegations in a lawsuit filed by…McPhee." Ex. A.  It notes McPhee's allegations and accurately states that SNH disputes them.  *Id.*  The summary of events it provides is stated to be "regarding allegations in the lawsuit" filed by McPhee.  *Id.*  The E-mail then proceeds to lay out SNH's position with respect to McPhee's public allegations against SNH.  *Id.*  As a matter of law, SNH's statements in the E-mail are clearly responding to McPhee's public allegations of wrongdoing against SNH and expressing SNH's opinion of the merits of McPhee's claims.  *See, e.g., id.* ("*We consider* the claims and allegations in his lawsuit to be without merit") (emphasis added); *see also Information Control v. Genesis One Computer Corp.*, 611 F.2d 781, 784 (9th Cir.1980) (in context of legal dispute, even "language which generally might be considered as statements of fact may well assume the character of statements of opinion.").  McPhee does not dispute this as he admitted in his deposition that SNH's response to his claims and allegations was SNH's "opinion" just as his belief that SNH fired him for raising financial concerns was his "opinion." Ex. E at 83, 92.

        **C.**      **The Alleged Defamatory Statements Were True or Substantially True.**

"One who publishes a defamatory statement of fact is not subject to liability for defamation if the statement is true.  In the law of defamation, truth is defined as substantial truth, as it is not necessary that every detail be accurate." *Faigin v. Kelly*, 978 F. Supp. 420, 425 (D.N.H. 1997).  As explained in detail in SNH's prior pleadings, the prior statements made by Dr. Oot were in fact true or at a minimum substantially true and a complete defense to defamation.  *See* Doc. 23-1 at 26-28.  The statements made in the E-mail are even more clearly true or at a minimum substantially true.  *Compare* Ex. A *with* Doc. 23-1 at 26-28.  In fact, McPhee conceded in his supplemental deposition that much of the E-mail was true but he believed it was "misleading." Ex. E at 61, 65-66, 78-79, 90, 112-13.  Misleading is not the test, substantial truth is the test and SNH passes the test.

        **D.**      **The Alleged Defamatory Statements Were Absolutely Privileged.**

The absolute litigation privilege involves the balance of "the right of an individual to enjoy an unsullied reputation, *and the public interest in free and full disclosure of facts pertinent to judicial*

*proceedings.*" *McGranahan v. Dahar*, 119 N.H. 758, 762 (1979) (emphasis added).  In light of those interests, "the general rule is that statements made in the course of judicial proceedings are absolutely privileged from civil actions, provided they are pertinent to the subject of the proceeding." *Id.* at 763.

As noted, the E-mail was specifically written "to address recent news reports and allegations in a lawsuit filed by…McPhee." Ex. A.  It notes McPhee's allegations and accurately states that SNH disputes them.  *Id.*  The summary of events is specifically stated to be "regarding allegations in the lawsuit" filed by McPhee.  *Id.*  The E-mail then proceeds to lay out SNH's position with respect to McPhee's public allegations against SNH.  *Id.*  It follows SNH's Answer filed more than a month before the E-Mail was sent which included the same denials.  *See* Ans.  There can be no dispute that the email is consistent with the statements made by SNH in its pleadings.  *See* Ex. E at 128-31.

As the E-mail was sent after McPhee commenced these judicial proceedings, during the course of these proceedings, and unquestionably related to the subject of these proceedings, it is afforded absolute litigation privilege.  *See McGranahan*, 119 N.H. at 766 ("A statement is presumed relevant unless the person allegedly [injured] demonstrates that it was so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety."); *La Jolla Grp. II v. Bruce*, 211 Cal. App. 4th 461, 472 (2012) (litigation privilege "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards."). McPhee publicly accused SNH of wrongdoing, and even McPhee admitted that SNH was entitled to respond and provide the public with full disclosure of SNH's position.  *See* Ex. E at 104-05.  SNH did so in formal pleadings and mirrored those in the E-mail.  *See* Ex. A.  The E-mail unquestionably advanced "the public interest in free and full disclosure of facts pertinent to judicial proceedings" and is protected by the absolute litigation privilege.  *McGranahan*, 119 N.H. at 762.

      E.    **The Alleged Defamatory Statements Were Also Conditionally Privileged.**

The publication of a statement is conditionally privileged and therefore not subject to liability "if the facts, though untrue, were published on a lawful occasion, in good faith, for a justifiable

4

purpose and with a belief, founded on reasonable grounds of its truth." *Duchesnaye*, 125 N.H. at 253. McPhee made his dispute with SNH public by filing this lawsuit. Following McPhee's termination, SNH remained quiet about the true nature of McPhee's termination and even provided McPhee cover by inviting him to guest conduct three of SNH's concerts after his termination. Ex. A. When McPhee chose to present his "opinion" that he was "terminated because [he allegedly] raised financial concerns," SNH was entitled to respond with its own version of events lest its donors and benefactors assume the worst from SNH's silence. Ex. E at 83, 104-05. As a matter of law, the E-mail at a minimum is conditionally privileged as a good faith and justifiable response to McPhee's public allegations that SNH broke the law. *See id.* Indeed, McPhee's Complaint not only alleges SNH broke the law but further insinuates embezzlement and other serious financial crimes that discovery has subsequently revealed McPhee had precisely **zero** basis to insinuate (and he has since abandoned).

### F. McPhee Will Be Unable to Show Any Damages from the Alleged Defamation.

As discussed at length in SNH's prior pleadings, McPhee cannot show any damages from the alleged defamation because he destroyed his reputation by filing suit against SNH on April 6, 2018. *See* Doc. 23-1 at 29. With respect to McPhee's prior allegations, that argument still stands and is dispositive but it is even more so with respect to the E-mail. McPhee's own Surreply attempted to rebut this argument by pointing to the fact that the e-mail to Kahn was on August 5, 2017 prior to McPhee's April 2018 lawsuit,[2] but here the E-mail was sent on June 6, **2018** following McPhee's lawsuit. *See* Doc. 46 at 5; Ex. A. Accordingly, whatever hope McPhee might have had to escape summary judgment on this element with respect to his original defamation claim certainly fails with respect to the E-mail sent **after** he filed suit and destroyed his own reputation. *See* Doc. 23-6, at 150-51, 166-67. Summary judgment is warranted on McPhee's eleventh-hour allegations just as it has always been warranted on his original allegations.

---

[2] As discussed in SNH's prior pleadings, the critical time frame is not when the E-mail was sent but when McPhee brought his defamation claim. *See* Doc. 23-1 at 29.

Respectfully submitted,

SYMPHONY NEW HAMPSHIRE,
By its attorneys,
PRIMMER PIPER EGGLESTON & CRAMER PC,

Dated: August 13, 2019   By:   /s/ *Matthew J. Delude*
Thomas J. Pappas, Esq., (N.H. Bar No. 4111)
Matthew J. Delude, Esq. (N.H. Bar No. 18305)
P.O. Box 3600
Manchester, NH 03105-3600
(603) 626-3300
tpappas@primmer.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing SUPPLEMENTAL MEMORANDUM TO MOTION FOR SUMMARY JUDGMENT has this day been forwarded via the Court's Electronic Case Filing System to Lauren S. Irwin, Esq., Heather M. Burns, Esq. and Brooke Lois Lovett Shilo.

Dated: August 13, 2019   By:   */s/ Matthew J. Delude*
Matthew J. Delude, Esq., (N.H. Bar No. 18305)

*3950994.5*