UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JONATHAN MCPHEE, | Docket No. 1:18-cv-00322-LM |
| Plaintiff, | |
| v. | |
| SYMPHONY NEW HAMPSHIRE, | |
| Defendant | |

**PLAINTIFF'S PRETRIAL STATEMENT PURSUANT TO LOCAL RULE 16.2**

NOW COMES the Plaintiff, Jonathan McPhee, by and through his attorneys Upton & Hatfield, LLP, and respectfully submits the within Pretrial Statement pursuant to Local Rule 16.2.

**1.    Statement of the Case**

Plaintiff and Defendant agree upon the following Statement of the Case except that areas of disagreement (as Plaintiff understands them) are noted in brackets:

Jonathan McPhee served as Symphony New Hampshire's Music Director from May of 2008 until September 6, 2017. Symphony New Hampshire is a non-profit corporation that has an Executive Director and a Board of Trustees. The Board of Trustees have a Finance Committee and a Governance Committee. Marc Thayer is Symphony New Hampshire's Executive Director and Dr. Robert Oot is President of the Board of Trustees.

Mr. McPhee claims that Symphony New Hampshire terminated his [at-will employment] on September 6, 2017 in retaliation for his raising financial [concerns]. He brings legal claims of Wrongful Termination and violation of New Hampshire's Whistleblower Protection Act. Symphony New Hampshire disputes these claims and asserts that it terminated Mr. McPhee's

[employment] because the working relationship between Mr. McPhee and Mr. Thayer and between Mr. McPhee and Dr. Oot had broken down.

In addition, Mr. McPhee claims that Symphony New Hampshire, through Dr. Oot, defamed him in an email to consultant/recruiter Polly Kahn in 2017, and in an email to Symphony New Hampshire trustees, supporters, donors and friends in June 2018. Symphony New Hampshire asserts that the emails were not defamatory.

**2.** **Witnesses**

A. The Plaintiff expects to call the following witnesses to testify at trial:

| |
|---|
| Amy DeRoche |
| Anne Egan |
| Mary Jordan |
| Polly Kahn |
| Joseph Kenny |
| Richard J. Maloney, CPA, ABV, Maloney & Kennedy, PLLC |
| Carol Ann McGurk |
| Deborah McPhee |
| Jonathan McPhee |
| Catharine Newick, MA, Business Decision Services |
| Robert Oot |
| Laurie Spira-Savett |
| Marc Thayer |
| Lisa Tourangeau |
| Wilberto Torres |

B. The Plaintiff may call the following witnesses:

| |
|---|
| Geraldine Ann Boisvert |
| Ann Conway |
| Karin Duchesne |
| Joseph Olefirowicz |
| Eric Valliere |
| Matt Van Wagner |
| Current and/or former Symphony New Hampshire Board members, including but not limited to Barbara Young, K. Drew Wilson, and Galina Szakacs; |
| Representatives of Montagne Communications |

By separate motion, Plaintiff has requested leave to have Polly Kahn testify from New York via videoconferencing.

The Plaintiff reserves the right to call any and all of Defendant's witnesses. Plaintiff reserves the right to amend this witness list up to, and including, the time of trial.

    C.    Defendant's Witnesses:

*See* Defendant's Pretrial Statement.

**3.**     **Waiver of Claims or Defenses**

The Plaintiff waives no claims and presumes that the Defendant waives no defenses.

**4.**     **Depositions That May Be Read Into Evidence**

The Plaintiff reserves the right to read the deposition of any witness who has been deposed in this litigation into evidence and/or show the videos of any depositions which have been taken in this case.

**5.**     **Exhibits**

The Plaintiff may offer at trial the exhibits listed on the attached exhibit list, Exhibit 1.

The Plaintiff reserves the right to amend his Exhibit List up to and including the time of trial. The Plaintiff reserves the right to offer any or all of the exhibits listed by Defendant.

**6.**     **Jury Evidence Recording System (JERS)**

The parties have met and conferred and would like to consider using JERS as long as exhibits can be prepared in time. The parties would like to inform the Court of the final decision by October 2, 2019.

**7.**     **Itemization of Special Damages**

As a result of the wrongful termination of his employment and violation of the New Hampshire Whistleblower Protection Act, RSA 275-E, the Plaintiff has suffered, and continues

to suffer, substantial injury and damage, including, but not limited to, lost wages and benefits, future lost wages and benefits, physical pain and suffering, emotional distress, and enhanced compensatory damages for the wanton, oppressive, and malicious actions of the Symphony, all within the jurisdictional limits of this Court.

Plaintiff also seeks reasonable attorneys' fees and costs, all within the jurisdictional limits of this Court pursuant to RSA 275-E:2, II.

The Plaintiff's lost wages and benefits ("back pay") are approximately $95,091. His future lost wages and benefits ("front pay") are approximately $468,884. These figures are based on the March 19, 2019 updated Analysis of Lost Income prepared by Catharine S. Newick, MA.

As a result of Defendant's defamatory statements, the Plaintiff is entitled to damages, including harm to his reputation, loss of business and future employment, and any other damages that are the natural consequence of the defamatory statements. Defendant's ill will in making these statements also entitle the Plaintiff to compensation for mental distress, insult, degradation, and injured feelings and pride. In addition, Defendant's defamatory statements amount to defamation *per se*, as they caused harm to the Plaintiff in his trade or business. Therefore, Mr. McPhee is entitled to general damages.

As of September 12, 2019, the Plaintiff's attorneys' fees are $456,022.25 and his costs are approximately $38,446.14. The Plaintiff's attorneys' fees and costs are expected to increase substantially through the trial of this case, including, but not limited to, expert expenses for Plaintiff's experts Catharine S. Newick, MA and Richard J. Maloney, CPA, ABV.

**8.     Latest Demand and Offer**

The Defendant made a settlement offer of $5,000 on June 22, 2018. Symphony New Hampshire has made no additional offers since June 22, 2018. The parties agreed to mediate this case on September 13, 2019. The Plaintiff's pre-mediation demand is $1,800,000.00.

**9.     Statement of Claim for Attorneys' Fees**

The Plaintiff seeks reasonable attorneys' fees and costs pursuant to RSA 275-E:2, II.

**10.    Requests for a View**

The Plaintiff does not request a view.

**11.    Estimate of Length of Trial**

The Plaintiff anticipates that the trial in this matter will last approximately ten days.

Respectfully submitted,

JONATHAN MCPHEE, Plaintiff

By His Attorneys,
UPTON & HATFIELD, LLP

Date: September 12, 2019         By: /s/ Lauren S. Irwin
                                 Lauren S. Irwin, NHBA #10544
                                 Heather M. Burns, NHBA #8799
                                 Brooke Lovett Shilo, NHBA #20794
                                 10 Centre Street, P.O. Box 1090
                                 Concord, NH 03302-1090
                                 (603) 224-7791
                                 lirwin@uptonhatfield.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon counsel of record via ECF system this date.

Date: September 12, 2019         /s/ Lauren S. Irwin
                                 Lauren S. Irwin