UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____
JONATHAN MCPHEE,                                  )
Plaintiff,                                                        )         Civil Action No. 1:18-cv-00322-LM
                                                                      )
v.                                                                   )
                                                                      )
SYMPHONY NEW HAMPSHIRE,          )
Defendant.                                                   )
_____)

## PLAINTIFF'S MOTION IN LIMINE
## TO EXCLUDE POLLY KAHN FROM OFFERING TESTIMONY
## BASED ON JONATHAN MCPHEE'S FILING OF THIS LAWSUIT

Plaintiff Jonathan McPhee ("McPhee") submits the within Motion in Limine to Exclude Polly Kahn from Offering Testimony Based on Jonathan McPhee's Filing of this Lawsuit,[1] and states as follows:

1.      During her deposition, Polly Kahn testified that McPhee's filing of a lawsuit would make it harder for him to obtain employment as a music director:

Q      Do you believe that Jonathan McPhee would be selected as a finalist for any open music director position today?

           MR. PAPPAS:  Objection.

A      Well, I don't have any insider knowledge.  I can only react from my own experience.  I think it is very important to make a differentiation between Jonathan's reputation in the ballet world and separate it from the orchestra world. And again, the ballet world is not my area of expertise but Jonathan was at the Boston Ballet, you know, the musical head of one of the most respected ballet companies in the nation and arguably in the world and has played a very important role, I think, in the history of ballet in this country. In the orchestra world, he has conducted a community orchestra and two orchestras that are very, very small budget orchestras.  So just to be very, very realistic at this point in his career trajectory and given that his work in the symphonic area has not over these decades moved through larger budget orchestras, that would probably be a point of discussion and a reason why it might inhibit Jonathan's moving forward. The

---

[1] McPhee raised this issue in his Motion to Exclude Ms. Kahn as an expert to preclude Kahn from offering an expert opinion on this issue.  Doc. no. 54.  McPhee raises the issue again in a motion in limine because he anticipates Kahn will testify as a fact witness.

> other thing I would have to say is that, as I mentioned, you know, **people can do Google searches very easily and it is a very, very small world. And when one sees, you know, when Jonathan's name comes up, departure from Boston Ballet, and though the article is very measured and the artistic director says, no comment about his departure and then you see the New Hampshire -- the article with Jonathan having initiated a lawsuit for many, many, many search firms that would say gosh, there may be some difficulties around a relationship with this individual and given the volume of the competitive pool, all of those factors coming together, they might decide to move forward.** That would have my to be my, kind of, honest assessment.

Doc. no. 35-13 at 150:5-151:21 (emphasis added).

2. This testimony is not relevant because it does not have a tendency to make a fact more or less probable than it would be without the evidence. Fed. R. Evid 401. Any relevance is outweighed by a danger of misleading the jury. Fed. R. Evid. 403.

3. First, the evidence is not relevant because whether McPhee's filing of a lawsuit actually damaged his reputation is not a fact at issue in this case. Here, the defamatory statements at issue injured McPhee with respect to his trade or business. When that is the case, "no proof of specific damages is required. The plaintiff is entitled to recover all damages which would normally result from such a defamation, such as harm to reputation." 1-24 New Hampshire Civil Jury Instruction 24.12 (2018) (citing <u>Lassonde v. Stanton</u>, 157 N.H. 582 (2008); *Chagnon v. Union-Leader Corp.*, 103 N.H. 426, 441(1961)); *see also* doc. no. 33-1 at 58-59.

4. Second, Kahn's testimony amounts to a legal argument and risks misleading the jury. As explained in McPhee's Surreply to SNH's Motion for Summary Judgment, if filing a lawsuit could be evidence that precludes a plaintiff from recovering damages for defamation, then damages for defamation would never be permissible. That is not consistent with New Hampshire law, which permits a prevailing plaintiff to recover damages in a defamation action:

> You may award to the plaintiff those damages proven to have resulted and that will result in the future as the natural and direct consequence of defendant's

defamatory act. These damages include harm to personal reputation, harm to business reputation, credit reputation, loss of business and any other damage proven to have resulted as the normal and direct consequence of the defamation.

1-24 New Hampshire Civil Jury Instruction 24.13 (2018) (citing *Chagnon v. Union-Leader Corp.*, 103 N.H. 426, 441–442 (1961)). Thus, permitting Kahn to testify on this subject would risk confusing the jury because her testimony would conflict with the law given to the jury with respect to defamation damages. As such, the testimony should be excluded because its probative value is substantially outweighed by a danger of misleading the jury. Fed. R. Evid. 403.

5. Pursuant to Local Rule 7.1(c), Plaintiff has sought concurrence from the Defendant for the filing of this Motion, and the Defendant does not concur.

6. Pursuant to Local Rule 7.1(a)(2), no memorandum of law is attached hereto, because all legal citations are contained herein.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Grant Plaintiff's Motion in Limine to Exclude Kahn from offering testimony based on McPhee's filing of this lawsuit; and

B. Grant such other and further relief as may be equitable and just.

    Respectfully submitted,

    JONATHAN MCPHEE, Plaintiff

    By His Attorneys
    UPTON & HATFIELD, LLP

Date: September 12, 2019    By: /s/ Lauren S. Irwin
    Lauren S. Irwin (NHBA #10544)
    Heather M. Burns (NHBA #8799)
    Brooke Lovett Shilo (NHBA #20794)
    10 Centre Street, PO Box 1090
    Concord, NH 03302-1090
    (603) 224-7791
    lirwin@uptonhatfield.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing was served upon counsel of record via ECF system this date.

Date: September 12, 2019                        /s/ Lauren S. Irwin
                                                              Lauren S. Irwin