UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jonathan McPhee

   v.                             Civil No. 18-cv-322-LM

Symphony New Hampshire

**O R D E R**

Plaintiff Jonathan McPhee brings this suit against Symphony New Hampshire ("Symphony"), alleging claims for wrongful termination, violation of RSA 275-E:2, and defamation. McPhee moves to estop Symphony from arguing at trial that McPhee is an independent contractor for purposes of his first two claims. Symphony objects.

The issue of whether McPhee was Symphony's employee or an independent contractor first arose in this case in the context of summary judgment. Symphony argued that it was entitled to summary judgment on McPhee's wrongful termination claim in Count I and his whistleblower claim under RSA 275-E:2 in Count II because only employees, and not independent contractors, can assert those claims. Symphony argued that the undisputed evidence in the record showed that McPhee was an independent contractor and not its employee.

In his objection to Symphony's summary judgment motion, McPhee did not dispute that only employees, and not independent

contractors, can bring the claims he asserts in Counts I and II. He argued, however, that he was Symphony's employee or, at the very least, a genuine issue of material fact exists as to whether he was Symphony's employee or an independent contractor.

The court denied Symphony's motion for summary judgment, holding there were disputed issues of material fact as to each of McPhee's three claims.  See doc. no. 136.  McPhee now moves to preclude Symphony from arguing at trial that McPhee was an independent contractor.  In support, McPhee cites some of Symphony's discovery responses, in which Symphony states that it terminated McPhee's "employment" and represents that McPhee became an employee-at-will in 2016.

McPhee originally argued that Symphony is judicially estopped from arguing that he is an independent contractor.  In response to Symphony's argument that judicial estoppel does not apply in this case, McPhee abandoned his judicial estoppel argument in his reply.  See doc. no. 110 at ¶ 4 (stating that McPhee "did not intend to suggest that he was seeking the court to judicially estop" Symphony).  McPhee now argues in his reply that Symphony should be equitably estopped from arguing that he is an independent contractor because its responses "convinced" McPhee that Symphony was conceding McPhee was its employee.

Even if the court were to consider McPhee's equitable estoppel argument raised in his reply,[1] that argument is not persuasive. In order to assert equitable estoppel, a party must show that the opposing party made a representation and that the party seeking estoppel relied on the representation to its detriment. See, e.g., Ramirez-Carlo v. United States, 496 F.3d 41, 49 (1st Cir. 2007). McPhee represents that Symphony convinced him that it considered him an employee and that he "relied" on that representation "to formulate his discovery and litigation strategies." Doc. no. 57 at ¶ 8.

McPhee, however, fails to point to any discovery or litigation strategy that was purportedly influenced by Symphony's responses. None of McPhee's discovery requests—including the three he references in his motion—was directed at the issue of whether he was an employee or independent contractor. In addition, McPhee did not argue in his objection to Symphony's summary judgment motion that Symphony was equitably estopped from arguing he was an independent contractor nor did he reference Symphony's discovery responses on the issue.

As the parties note in their summary judgment filings, whether McPhee was Symphony's employee or an independent

---

[1] "A party generally cannot raise or develop arguments for the first time in a reply." See, e.g., Andersen v. Dartmouth Hitchcock Med. Ctr., No. 13-cv-477-JD, 2015 WL 847447, at *5 (D.N.H. Feb. 26, 2015).

contractor for purposes of Counts I and II depends on a variety of factors.  The arguments Symphony raises in its summary judgment motion, including that McPhee characterized himself on tax forms and in emails to Symphony as an independent contractor, bear on that analysis.  Symphony will be permitted to present those arguments to the jury.

The court notes that whether McPhee was Symphony's employee or an independent contractor is a discrete and threshold issue for purposes of Counts I and II.  Therefore, the court will consider bifurcating the trial into different phases to address the issue of McPhee's employment status with Symphony separately from the remaining issues.  See Fed. R. Civ. P 42(b).  The court will address bifurcation at the final pretrial conference.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to estop defendant from arguing that plaintiff is an independent contractor (doc. no. 57) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 16, 2020

cc:  Counsel of Record.

4