# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Johnathan McPhee

    v.                                                  Civil No. 18-cv-322-LM

Symphony New Hampshire

### **O R D E R**

On April 10, 2020, the court held a three-hour telephone conference in this case. Attorneys Lauren Irwin, Heather Burns, and Brooke Shilo appeared for McPhee. Attorneys Thomas Pappas and Matthew DeLude appeared for Symphony New Hampshire. ("SNH").

The court will summarize its holdings on nine of the parties' fifteen motions below. The court will hold a telephone hearing on the remaining six motions on April 21, 2020 at 2:30pm.

**Doc. No. 62 (McPhee's Motion Requesting Attorney-Conducted Voir Dire)**

For the reasons stated on the record, the court denies this motion. However, as is the court's practice, the court will allow counsel for each party to ask potential jurors questions at sidebar.

**Doc. No. 67 (McPhee's Motion to Exclude evidence and testimony related to non-renewal of McPhee's contract with Boston Ballet)**

McPhee moves to exclude evidence and testimony related to the non-renewal of his contract with the Boston Ballet.  Doc. no. 67.  SNH objects.  Doc. no. 101.  McPhee argues evidence about his departure from the Ballet is irrelevant and impermissible character evidence under Fed. R. Evid. 404(b)(1).  SNH argues information about McPhee's non-renewal is relevant to SNH's motive in terminating McPhee, see Fed. R. Evid. 404(b)(2), and relevant to McPhee's professional reputation with regards to his defamation claim.   For the reasons stated on the record, the court concludes that this evidence does not fall within a Fed. R. Evid. 404(b)(2) exception and that the probative value of evidence about McPhee's non-renewal at the Boston Ballet is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time.  The court grants the motion.  If McPhee opens the door at trial, however, the court will reconsider this ruling.

**Doc. No. 64 (McPhee's Motion to Exclude Kahn from testifying about McPhee's filing of this lawsuit)**

McPhee moves to exclude evidence and testimony related to the damage McPhee may have caused to his professional reputation by filing this lawsuit.  Doc. no. 64.  SNH objects.  Doc. no.

98.  SNH has provided the court with no legal authority for the proposition that a jury may consider whether a plaintiff has damaged his own professional reputation by filing the very lawsuit in which the jury is assessing defamation damages.  For the reasons stated on the record, the court grants plaintiff's motion.

### Doc. No. 77 (SNH Motion to Exclude Emotional Distress Damages)

SNH moves to exclude McPhee from requesting emotional distress damages, arguing that a plaintiff must demonstrate physical symptoms to recover for emotional distress.  Doc. no. 77.  McPhee objects.  Doc. no. 88.  The court concludes that the cases SNH cites for this proposition are distinguishable because they involve negligent infliction of emotional distress claims, as opposed to the common law wrongful termination and defamation claims at issue in this case.  Compare Corso v. Merrill, 119 N.H. 647, 652-53 (1979), with Porter v. City of Manchester, 151 N.H. 30, 43-44 (2004) and MacDonald v. Jacobs, 171 N.H. 668, 676 (2019).  In addition, the First Circuit has held that "evidence from a physician or other mental health professional is not a sine qua non to an award of damages for emotional distress" although "the absence of such evidence is relevant in assessing the amount of such an award."  Trainor v. HEI Hosp., LLC, 699

F.3d 19, 32 (1st Cir. 2012). For the reasons stated on the record, the court denies defendant's motion.

**Doc. No. 73 (SNH Motion to Exclude Certain Evidence of Damages)**

SNH moves to exclude evidence related to McPhee's backpay and front pay damages. Doc. no. 73. McPhee objects. Doc. no. 87. SNH argues that McPhee's backpay claim is limited to the date his contract expired: June 30, 2019. SNH further argues that McPhee is legally barred from seeking front pay damages because front pay is an equitable remedy that substitutes for reinstatement and McPhee has no right to reinstatement after the expiration of his contract. Alternatively, SNH argues that any front pay damages must be limited to when McPhee would reach age 65: the standard retirement age.

The New Hampshire Supreme Court has not yet conclusively decided whether a wrongful termination claim can be based on failure to renew a contract; however, the court has suggested on more than one occasion that such claims are allowable under New Hampshire law. See Bellerose v. SAU No. 39, No. 13-CV-404-PB, 2014 WL 7384105, at *10 (D.N.H. Dec. 29, 2014). For example, in Konefal v. Hollis/Brookline Coop. Sch. Dist., the New Hampshire Supreme Court noted that non-renewal of an employment contract "may support a claim for wrongful termination." 143 N.H. 256,

260 (1998); see also Short v. Sch. Admin. Unit No. 16, 136 N.H. 76, 85-86 (1992) (rejecting a wrongful termination claim based on a contract non-renewal because the plaintiff failed to establish the public policy prong). If a wrongful termination claim can be based on failure to renew a contract, the only possible damages would exceed the contract term. Therefore, and for the reasons stated on the record, the court concludes that McPhee may introduce evidence related to backpay damages between the period his contract expired and the trial date. For the same reasons, the court concludes McPhee is not legally barred from seeking front pay.

Ultimately, however, front pay is an equitable remedy committed to the court's discretion. Johnson v. Spencer Press of Maine, Inc., 364 F.3d 368, 380 (1st Cir. 2004); McPadden v. Wal-Mart Stores E., L.P., No. 14-CV-475-SM, 2016 WL 4991488, at *4 (D.N.H. Sept. 16, 2016). Although front pay awards may not be determined by speculation or guess, "some level of uncertainty regarding the future is inevitable and so mere uncertainty does not bar front-pay damages." Travers v. Flight Services & Systems, Inc., 808 F.3d 525, 544 (1st Cir. 2015) (internal quotation marks omitted). A jury may base an advisory front pay award on plaintiff's testimony about his retirement plans. See, e.g., Trainor v. HEI Hosp., LLC, 699 F.3d 19, 31-32

(1st Cir. 2012); Nashawaty v. Winnipesaukee Flagship Corp., No. 15-CV-118-JD, 2016 WL 6330574, at *4 (D.N.H. Oct. 28, 2016); but see Travers, 808 F.3d at 545 (observing that a long-term front pay award based heavily on a plaintiff's testimony may be "too speculative to stand"). Therefore, in this case, as in Nashawaty v. Winnipesaukee Flagship Corp., the court will allow plaintiff to present a claim for front pay damages to the jury for an advisory verdict. 2016 WL 6330574, at *4; see also McPadden, 2016 WL 4991488, at *4.

Turning to SNH's alternative argument, it is true that the First Circuit has noted that predicting front pay damages is made simpler when the plaintiff is near retirement age, see Trainor, 699 F.3d at *31. However, SNH has provided the court with no authority from this jurisdiction that stands for the proposition that plaintiffs are categorically barred from seeking front pay damages after the age of sixty-five. Moreover, in Nashawaty, this court allowed plaintiff to testify about plans to work into his seventies in support of his claim for thirteen years of front pay damages. Nashawaty, 2016 WL 6330574, at *2. Therefore, and for the reasons stated on the record, the court denies defendant's motion. The court will allow the jury to render an advisory verdict on front pay but will make a final determination on whether front pay damages

6

will be awarded, and the amount of those damages if any, after considering the advisory verdict and giving the parties an opportunity to be heard on the front pay issues. See, e.g., Nashawaty, 2016 WL 6330574, at *4.

**Doc. No. 79 (SNH Motion to Partially Exclude Plaintiff's Proffered Expert, Catherine Newick)**

SNH moves to exclude McPhee's proffered expert, Catherine Newick, from testifying about McPhee's front pay damages. Doc. no. 79. McPhee objects. Doc. no. 107. SNH argues that Newick's testimony suggesting that McPhee might work past age sixty-five is not admissible under Fed. R. Evid. 702 because Newick lacks the qualifications to render an opinion on McPhee's likely retirement age. McPhee counters that Newick is not offering an expert opinion on when McPhee would retire but is merely calculating the discounted value of McPhee's front pay damages. The court has reviewed Newick's expert report and concludes that Newick is not rendering expert testimony on when McPhee would retire but is merely offering testimony on the value of McPhee's contract for each year assuming COLA and discounting to present value. The court concludes that this testimony is relevant and within the realm of Newick's expertise. Therefore, and for the reasons stated on the record, the court denies SNH's motion.

7

Ultimately, the court will make the final determination on front pay after allowing the jury to render an advisory verdict. In order to streamline the trial, the court will consider not asking the jury to discount any front pay damage it may choose to award, but instead render an advisory verdict on the number of years McPhee would have worked at SNH and the amount of his mitigation. See Nashawaty, 2016 WL 6330574, at *4. After the verdict, both parties could then file memoranda addressing both the grounds for awarding front pay damages and the process for reducing an award to present value. The court would then hold a hearing on the front pay damage issue and consider Newick's testimony. The parties may present motions on this issue prior to the final pretrial conference.

**Doc. No. 54 (McPhee's Motion to Exclude Kahn as an Expert)**

McPhee moves to exclude Kahn as an expert. Doc. no. 54. SNH objects. Doc. no. 81. McPhee argues that Kahn's opinions are not relevant under Fed. R. Evid. 401, that Kahn is not an expert under Fed. R. Evid. 702, and that Kahn's opinions pose a substantial risk of confusing the jury. For the reasons stated on the record, the court concludes that Kahn's proposed testimony is relevant and that her decades of experience working with orchestras and as a recruiter for orchestra personnel render her a qualified expert. See Santos v. Posadas de P.R.

Associates, Inc. 452 F.3d 59, 63 (1st Cir. 2006). The court denies this motion. McPhee may raise specific concerns about the scope of Kahn's testimony at the final pretrial conference.

### Doc. No. 55 (McPhee's Motion to Exclude Ditman as an Expert)

McPhee moves to exclude Ditman as an expert on multiple grounds. Doc. no. 55. SNH objects. Doc. no. 82. McPhee argues Ditman's testimony is irrelevant, misleading, and is not admissible under Federal Rule of Evidence 702 because: it is not based on sufficient facts or data, is not the product of reliable principles and methods, and is tainted by Ditman's purported bias towards SNH. SNH further argues that allowing Ditman to testify as an expert will confuse the jury because Ditman will also be offering testimony as a fact witness.

The court, having reviewed Ditman's expert report, concludes for the reasons stated on the record and explained in brief below that Ditman's testimony is relevant and admissible under Federal Rule of Evidence 702.

The average layperson is not an expert in reading and analyzing financial statements. See Goldenson v. Steffens, No. 2:10-CV-00440-JAW, 2013 WL 682844, at *8 (D. Me. Feb. 25, 2013). Ditman's testimony meets Federal Rule of Evidence 702's special relevancy standard because it will assist the jury in weighing

and understanding SNH's financial practices—facts at issue in this case. See United States v. Shay, 57 F.3d 126, 132-33 (1st Cir.1995); Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co., 161 F.3d 77, 81 (1st Cir.1988).

The crux of McPhee's Federal Rule of Evidence 702 arguments appears to be that because Ditman "reviewed," but did not audit, SNH's financial statements, Ditman lacks sufficient facts or data to offer expert testimony about SNH's finances or the presence or absence of illegal, unethical, or improper financial activity at SNH. Doc. no. 55-1 at 1; 55-2. The court has read Ditman's expert report. In it, Ditman does not opine that no illegal, unethical, or improper financial activity occurred at SNH; rather, he states that he did not become aware of any such activity within the scope of his somewhat limited review of SNH's financial documents. The court does not believe Federal Rule of Evidence 702 precludes such testimony. See Crowe v. Marchand, 506 F.3d 13, 18 (1st Cir. 2007) (objections about the factual underpinnings of an expert's investigation, "often go to the weight of the proffered testimony, not to its admissibility"). McPhee is welcome to cross examine Ditman about the limitations of his knowledge.

McPhee also argues that Ditman's testimony should be excluded because Ditman's opinions are based on his assessment

of SNH's credibility and experts are not allowed to comment on another witness's truthfulness.  See United States v. Shay, 57 F.3d 126, 131 (1st Cir. 1995).  The court, having reviewed Ditman's deposition testimony, concludes Ditman is not offering an opinion about SNH's truthfulness.  Rather, Ditman testified at deposition that in his review of SNH's financial statements, he did not find certain factors which tend to indicate unethical or improper financial activities or accounting practices, such as suspicious checks.  Again, McPhee is welcome to ask Ditman about the scope of his review, and whether he specifically looked for financial illegalities or irregularities on cross-examination.

Finally, the court finds little merit to McPhee's arguments that Ditman's testimony should be excluded because: (1) Ditman may be biased as a former SNH board member and treasurer; (2) Ditman relied on documents he received from SNH's attorney; or (3) allowing Ditman to offer expert opinion risks confusing the jury because Ditman will also be offering factual testimony.  First, assessing an expert witness's potential bias is a task "properly left to the jury." Cruz-Vazquez v. Mennonite General Hosp., Inc., 613 F.3d 54, 59 (1st Cir. 2010) (internal quotation marks omitted).  Second, an expert may base an opinion on facts or data that he is "made aware of" so long as "experts in the

particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." Fed. R. Evid. 703. Third, there is no prohibition against a witness testifying as both an expert and fact witness; the same person may give lay testimony, expert testimony, or both depending on the circumstances. United States v. Prange, 771 F.3d 17, 26 (1st Cir. 2014); U.S. v. Flores-De-Jesus, 569 F.3d 8, 21 (1st Cir. 2009).

### Doc. No. 66 (McPhee's Motion to Exclude Any Evidence of SNH's finances after September 6, 2017)

McPhee moves to exclude evidence concerning SNH's finances after September 6, 2017 (the date of McPhee's termination). Doc. no. 66. SNH objects. Doc. no. 100. Because one of the purportedly defamatory communications in this case includes statements about the state of SNH's finances after McPhee's termination, the court concludes this evidence is relevant to McPhee's defamation claim. This motion is denied. The court will consider issuing a limiting instruction if one is requested.

Should McPhee decide to remove from the case the allegedly defamatory statement about SNH's finances following McPhee's termination, McPhee should file a motion addressing this issue prior to the final pretrial hearing.

## CONCLUSION

For the reasons stated above, the court grants motion 67 and 64. Motions number 62, 77, 73, 79, 54, 55 and 66 are denied.

**SO ORDERED.**

_____
Landya McCafferty
United States District Judge

April 16, 2020

cc: Counsel of Record