UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Johnathan McPhee

      v.                                    Civil No. 18-cv-322-LM

Symphony New Hampshire


**O R D E R**

On April 21, 2020, the court held a two-hour telephone conference in this case.  Attorneys Lauren Irwin, Heather Burns, and Brooke Shilo appeared for McPhee.  Attorneys Thomas Pappas and Matthew DeLude appeared for Symphony New Hampshire. ("SNH").

The April 20, 2020 hearing was a continuation of a prior hearing held on April 10, 2020.  The court summarized its ruling on the motions discussed during the April 10, 2020 hearing in its April 16, 2020 order.  See doc. no. 145.  The court will summarize its holdings on the parties' remaining motions below.


**Doc. No. 56 (McPhee's Motion to Exclude Peter Kohler from Testifying as an Expert)**

McPhee moves to exclude SNH's expert Peter Kohler from testifying.  Doc. no. 56.  SNH objects.  Doc. no. 83.  McPhee argues that Kohler's opinions: (1) are not relevant; (2) would confuse the jury; and (3) are inadmissible because they do not rest upon sufficient facts and data under Federal Rule of

Evidence 702.  See Fed. R. Evid. 702.  SNH takes the opposite

position on all three points.  Because Kohler's July 1, 2019

report is not as broad as McPhee claims, the court agrees with

SNH.

Kohler does not opine that a budget with a $10,000 artistic

expense never existed; only that he did not find such a document

on the three devices at issue.  Kohler's search of the three

devices provides him with sufficient facts and data to render

this opinion under Federal Rule of Evidence 702.  Finally, the

court is not convinced that the jury will be confused by the

difference between a document's last modified date and possible

interim modifications.  Therefore, for the reasons stated on the

record, the court denies plaintiff's motion.

**Doc. No. 69 (McPhee's Motion to Exclude Kohler's supplemental report and opinions)**

McPhee moves to exclude Kohler's supplemental report, and

the opinions contained therein, about the contents of an HP

laptop and external hard drive.  Doc. no. 69.  McPhee argues:

(1) Kohler's supplement is not a supplement under Federal Rule

of Civil Procedure 26(e)(2) because it contains new opinions;

(2) the supplemental disclosure was untimely; and (3) the

untimely disclosure was not justified and not harmless under

Federal Rule of Civil Procedure 37(c)(1).  See Fed. R. Civ. P.

26(e)(2), 37(c)(1).  SNH objects, taking the opposite position
on all three points.  Doc. no. 103.

McPhee argues that Presstek, a case in which the court
excluded an expert's supplemental report because it presented
entirely new evidence, should control the court's analysis.  See
Presstek, Inc. v. Creo, Inc., No. 05-CV-65-PB, 2007 WL 983820,
at *7 (D.N.H. Mar. 30, 2007).  However, in Presstek, the expert
waited to conduct any tests until after the original deadline
and then only included the new results in the supplement after
he had been deposed.  Id.  Here, Kohler's initial examination of
the two devices led him to believe that neither device could
contain the document at issue; therefore, he did not conduct a
more-detailed search because he believed it would be
categorically unfruitful.  After opposing counsel questioned
Kohler about the two devices at deposition, Kohler's more in-
depth search of the two devices confirmed his initial opinion
that neither device contained the document at issue.  His
supplemental report, which SNH disclosed 10 days after the
deposition, was therefore a proper and timely supplement
pursuant to Federal Rule of Civil Procedure 26.  See Fed. R.
Civ. P. 26 (a)(2)(E) ("The parties must supplement these
disclosures when required under Rule 26(e)"); Fed. R. Civ. P. 26
(e) (a party "must supplement" its response in "a timely manner"

3

if it learns the response "is incomplete" and the additional

information has not otherwise been disclosed).  For these

reasons, and for those stated on the record, the court denies

the motion.

However, because Kohler's supplemental report included

information that McPhee did not have the opportunity to depose

Kohler about, and because trial is not scheduled for another

nine months, the court will allow McPhee to request additional

discovery related to the information contained in Kohler's

supplemental report.

### Doc. No. 68 (McPhee's Motion to Exclude Thayer from testifying about technical aspects of Quickbooks)

McPhee moves to exclude SNH's Executive Director, Marc

Thayer, from testifying about technical aspects of Quickbooks.

Doc. no. 68.  McPhee argues that Thayer's opinions are

inadmissible under Federal Rule of Evidence 702 and would

confuse the jury.  See Fed. R. Evid. 702.  SNH objects.  Doc.

no. 102.

For the reasons stated on the record, the court concludes

Thayer can testify as a lay witness about Quickbooks.  His

testimony about his personal use of the program will help the

jury understand whether he may have deleted a version of the SNH

budget that had a $10,000 artistic expense.  Such testimony is

4

not based on scientific, technical or other specialized knowledge and is therefore permissible lay testimony.  However, because Thayer is not a technical computer expert, he may not opine on more technical aspects of Quickbook's operation.

For these reasons, and those stated on the record, the motion is denied in part and granted in part.  Thayer can testify as a lay witness about how he used Quickbooks but may not give expert testimony about how Quickbooks works.

**Doc. No. 76 (SNH Motion to Exclude Undisclosed "Expert Witness" testimony from McPhee and DeRoche)**

SNH moves to exclude Jonathan McPhee and Amy DeRoche from testifying as experts about industry standards and practices within orchestras or standard budgeting practices and procedures.  Doc. no. 76.  McPhee objects, arguing that neither he nor DeRoche would testify about these matters as experts but would testify as lay witnesses about their personal experiences and knowledge.

For the reasons stated on the record, the court concludes McPhee and DeRoche may testify regarding their perceptions of whether SNH was operating in an appropriate manner so long as this testimony is based on their own perceptions and personal experiences.  See Fed. R. Evid. 701.  This testimony is directly relevant to the issues in this case.

For example, in order for McPhee to prevail on his whistleblower claim, he must prove that he reasonably believed that SNH was acting illegally; therefore, McPhee must be allowed to testify about his personal experience and perceptions. However, because McPhee is testifying as a lay witness, and not an industry or vocational expert, his testimony is constrained to his personal experience and perceptions.  McPhee may not opine generally about orchestra operations or the average age at which orchestra directors can be expected to retire.

As to DeRoche, she was an SNH board member at the time McPhee was terminated and has personal experience with non-profits and budgeting.  Therefore, she may testify about SNH budgets and whether, based on her personal experience and expectations as a board member, the SNH budgets and financial reports were proper.  If, at trial, SNH believes DeRoche's testimony exceeds the limits of permissible lay testimony, the court will entertain an objection and consider issuing a limiting instruction.

For those reasons, and the reasons on the record, the court denies the motion.  The court will reserve ruling on whether DeRoche, or any other board member, may testify as to the ultimate question of why McPhee was terminated, for trial.

**Doc. No. 80 (SNH Motion to Exclude Maloney from Testifying as an Expert)**

SNH moves to exclude Richard Maloney from testifying as an expert.  Doc. no. 80.  SNH argues that Maloney's opinions are not relevant and are within the knowledge base of an average juror.  McPhee objects.  Doc. no. 108.

Maloney's opinions are relevant on the issue of McPhee's reasonable belief regarding illegal practices at SNH.  Furthermore, the average layperson is not an expert in reading and analyzing financial statements.  See Goldenson v. Steffens, No. 2:10-CV-00440-JAW, 2013 WL 682844, at *8 (D. Me. Feb. 25, 2013).  Therefore, Maloney's testimony, like the testimony of Ditman—SNH's financial expert—would assist the jury in weighing and understanding SNH's financial practices and documents.  For these reasons, and the reasons stated on the record, the motion is denied.

**Doc. No. 75 (SNH Motion to Exclude Maloney's Rebuttal Report)**

SNH moves to exclude Maloney's rebuttal report on two grounds—one procedural and one substantive.  Doc. no. 75.  McPhee objects.  Doc. no. 90.

Starting with the procedural issue, SNH argues that rebuttal reports are not allowed in this case because the case

management order did not expressly provide for rebuttal reports.

McPhee counters that, in the absence of specific language in the

case management order to the contrary, the 30-day default rule

for rebuttal reports in Federal Rule of Civil Procedure

26(a)(2)(D)(ii) applies.  See Fed. R. Civ. P. 26 (a)(2)(D)(ii).

     This court, and courts in other circuits, have held that

the default rule does not apply when a case management order

specifies that rebuttal reports will be allowed on some issues

but not others, Presstek, 2007 WL 983820, at *4, or does not

provide for rebuttal reports, see Eckelkamp v. Beste, 315 F.3d

863, 872 (8th Cir. 2002).  However, neither Presstek or

Eckelkamp creates a mandatory rule that prevents a district

court from discretionarily applying the 30-day default rule

contained in Fed. R. Civ. P. 26 (a)(2)(D)(ii) when a case

management order is silent as to rebuttal reports.  Indeed,

other courts have exercised their discretion and applied the

default 30-day rule when the case schedule is silent on rebuttal

reports.  See Casillas v. Triple-S Vida, Inc., No. CV 16-2564

(PAD), 2018 WL 3414142, at *2 (D.P.R. July 11, 2018); Ritch v. A

M Gen. Corp., No. CIV. 93-451-SD, 1997 WL 834214, at *1 (D.N.H.

Nov. 17, 1997).  Therefore, because Maloney submitted his

rebuttal report within the 30 days allowed under the Federal

Rules of Civil Procedure, the court concludes his rebuttal
report is not barred on procedural grounds.

Turning to SNH's substantive argument, SNH contends that
Maloney's rebuttal report does not "contradict or rebut evidence
on the same subject matter" as Ditman's report; therefore, it is
not a permissible "rebuttal" report.  Fed. R. Civ. P.
26(a)(2)(D)(ii).  Specifically, SNH contends that because
Maloney's rebuttal report introduces language and statutory
cites which are not included in Ditman's report, Maloney's
purported rebuttal report impermissibly exceeds the scope of
Ditman's report.

The court is unconvinced by SNH's arguments.  Maloney's
rebuttal report extensively quotes and rebuts specific portions
of Ditman's report.  For example, Ditman's report states that
"As part of our review engagement and my work to provide
testimony, we did not become aware of any evidence of illegal
financial activity or unethical/improper financial activity or
accounting practices."  See doc. no. 82-2 at 3.  Maloney's
rebuttal quotes this language, cites a specific RSA that was not
cited by Ditman, and rebuts Ditman's opinion by pointing out
that SNH's actions did not comply with New Hampshire Statute.
Doc. no. 80-3 at 3,4.

Another portion of Maloney's rebuttal report quotes the following portion of Ditman's report: "Based on my analysis of several of these reports, I conclude the reports were properly prepared and provided useful and sufficient information to assist the Board of Trustees to perform its oversight responsibilities."  Doc. no. 82-2 at 4.  Maloney's rebuttal counters this portion of Ditman's report by noting that "Boards of Directors have a fiduciary duty of care to the organization" which includes "reviewing financial statements at each meeting," (doc. no. 80-3 at 2-3).  Maloney's rebuttal then notes that on at least one occasion the SNH board meeting minutes document financial information was missing from the reports.  Although Maloney introduces "fiduciary duty" language in his rebuttal, he does so in direct response to Ditman's report and the subject matter in Ditman's report and Maloney's rebuttal are the same. See Fed. R. Civ. P. 26(a)(2)(D)(ii).

Only one of the five sections of Maloney's rebuttal report, Section 4, does not directly quote a portion of Ditman's expert report.  This section begins with the heading "Fiduciary Duty-Employee," and quotes RSA § 7:28-e:

> Every person soliciting, collecting, or expending
> contributions for charitable purposes, and every
> officer, director, trustee, and employee of any such
> person concerned with the solicitation, collection, or

> expenditure of such contributions, shall be deemed to
> be a fiduciary and acting in a fiduciary capacity.

N.H. Rev. Stat. Ann. § 7:28-e.  The section continues:

> Therefore, Mr. Thayer would have a fiduciary duty to
> Symphony New Hampshire.  However, the financial
> information Mr. Thayer provided to the Board did not
> provide the information to allow the Board to compare
> the current year with the prior year or the budget as
> adopted or provide a balance sheet to the board.

Doc. no. 75-3 at 3.

Ditman's report does not cite RSA § 7:28-e or specifically

mention any fiduciary duties Thayer might have had as an

employee of SNH.  However, Ditman's report does assert that

Thayer prepared financial reports which compared "budgeted

revenues and expenses to the actual revenues and expenses" and

"were used by the Board of Trustees to monitor SNH's financial

position."  Doc. no. 82-2 at 4.  Ditman concluded that "the

reports were properly prepared and provided useful and

sufficient information to assist the Board of Trustees to

perform its oversight responsibilities."  Id.

The court finds that section 4 of Maloney's rebuttal report

is a proper rebuttal as defined by Fed. R. Civ. P.

26(a)(2)(D)(ii), even though it includes a statutory cite and

language that did not occur in Ditman's report, because it

squarely "contradict[s] or rebut[s] evidence on the same subject

matter" in Ditman's report.  However, the court recognizes that

SNH has not had the opportunity to respond to the "fiduciary duty" language and statutory cites contained in Maloney's rebuttal.  Therefore, because the case is months from trial, the court will allow one of Defendant's experts the opportunity to respond to Maloney's rebuttal.  SNH will have until May 29, 2020 to supplement one of their expert reports to reply to Maloney's rebuttal.

**Doc. No. 147 (McPhee's Conditional Motion to Withdraw an Allegation in Complaint) and Doc. no. 148 (Motion in Limine to Exclude Any Evidence of SNH's Finances after 9/6/2017)**

McPhee moves to withdraw his allegation that a portion of a 2018 e-mail was defamatory on the condition that the Court grant his renewed motion in limine to exclude any evidence of SNH's finances after September 6, 2017 (the date McPhee was terminated).  Both parties briefed and discussed the relevance of this evidence at the April 10, 2020 hearing.  After the hearing, the court denied McPhee's motion to exclude evidence about post-termination finances on the basis that the evidence was relevant to McPhee's defamation claim.

During the April 21, 2020 telephone hearing, SNH was given another opportunity to explain why this evidence should be admitted if it was no longer relevant to McPhee's defamation claim.  SNH contended that evidence about SNH's finances after

McPhee's termination was generally relevant to show that Thayer was a capable executive director, and that Thayer's decisions during McPhee's tenure proved to be fiscally sound.  SNH was not able to point to a specific portion of the complaint that would make Thayer's ability as a financial manager after McPhee's termination a relevant issue in the case.  Nor was SNH able to explain how evidence about its finances after September 6, 2017 is relevant to McPhee's wrongful termination and whistleblower claims.

For the reasons stated on the record, the court grants both of McPhee's motions.  Should McPhee open the door to this evidence at trial, SNH may seek to admit the evidence on that basis.

**CONCLUSION**

For the reasons stated above and on the record during the hearing, the court grants motion 147 and 148.  Motions number 56, 69, 75, 76, 80 are denied.  Motion 68 is denied in part and granted in part.

**SO ORDERED.**

_____
Landya McCafferty
United States District Judge

May 6, 2020
Counsel of Record