UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jonathan McPhee

     v.                                          Civil No. 18-cv-322-LM
                                                Opinion No. 2021 DNH 069 P

Symphony New Hampshire

**O R D E R**

Defendant Symphony New Hampshire moves to bifurcate trial (doc. no. 161), arguing that two separate trials would promote efficiency and judicial economy. Under Symphony's proposal, the first trial would address a threshold question: was plaintiff Jonathan McPhee an employee or an independent contractor?  The second trial would address any remaining issues from Counts I and II (wrongful termination and violation of New Hampshire's whistleblower statute) and resolve Count III (defamation).  McPhee objects (doc. no. 162).  For the following reasons, Symphony's motion to bifurcate trial (doc. no. 161) is denied.

Under Federal Rule of Civil Procedure 42(b), the court may order separate trials on separate claims or issues for "convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. P. 42(b).  The rule "gives courts broad discretion to decide whether claims or issues should be tried separately."  Corvello v. New England Gas Co., 247 F.R.D. 282, 286 (D.R.I. 2008).  Bifurcation "may be appropriate where final resolution of one claim affects the resolution of the other." See id. at 285 (internal quotation omitted).  Factors to consider are whether

separate trials would expedite disposition, conserve judicial resources, avoid prejudice, and avoid duplication of evidence.  See Thorndike ex rel. Thorndike v. Daimlerchrysler Corp., 220 F.R.D. 6, 7-8 (D. Me. 2004).  The party requesting bifurcation has the burden of showing it is justified.  Id. at 8.

Here, whether McPhee was an employee or an independent contractor is a threshold and dispositive question for Counts I and II.  See Corvello, 247 F.R.D. at 285.  Should Symphony prevail at the first trial, then the second trial would involve only Count III.  McPhee argues, however, that a trial on Count III will require all but one of the same witnesses and all the same exhibits from the first trial.  And should McPhee prevail at the first trial (i.e., persuade the jury that he was an employee), all three counts will need to be litigated during the second trial.  This duplication of evidence means that two trials will neither save resources nor reduce the length of trial.  Additionally, scheduling two trials will further delay a case that is already three years old.

Finally, this case is currently scheduled for trial during the ongoing COVID-19 pandemic.  The court's protocols during the pandemic require that only one jury trial is conducted in the courthouse at a time.  See Standing Order 20-25 (July 24, 2020) (outlining protocols for criminal jury trials).[1]  During the pandemic, the court has selected trial-ready cases each month for a "priority trial list."  For obvious

---

[1] The court's current standing orders addressing the COVID-19 pandemic are available at: https://www.nhd.uscourts.gov/court-response-coronavirus-disease-covid-19.

reasons, criminal cases have priority over civil cases.  Separating this case into two

trials would require the court to give this case two priority slots during the

pandemic.  Such a result would frustrate the goals of expediting disposition and

conserving judicial resources.  Even without a pandemic, however, the court does

not find that any of the Rule 42(b) factors weigh in favor of bifurcation in this case.


**CONCLUSION**

In short, Symphony has not shown that bifurcation is warranted.

"[W]hatever efficiencies may be gained by bifurcation are offset by . . . repetition of

testimony, and increased expense and inefficiency from doing so."  Thorndike, 220

F.R.D. at 8.  Symphony's motion to bifurcate trial (doc. no. 161) is therefore denied.[2]


SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 6, 2021

cc:  Counsel of Record.

---

[2] The court indicated that it would address bifurcation at the final pretrial
conference.  That conference is scheduled to occur in less than one week.  The court
prefers to use the final pretrial conference to plan for the single trial in this case.