UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JONATHAN MCPHEE, | Docket No. 1:18-cv-00322-LM |
| Plaintiff, | |
| v. | |
| SYMPHONY NEW HAMPSHIRE, | |
| Defendant | |

**PLAINTIFF'S PRETRIAL STATEMENT PURSUANT TO LOCAL RULE 16.2**

NOW COMES the Plaintiff, Jonathan McPhee, by and through his attorneys Upton & Hatfield, LLP, and respectfully submits the within Pretrial Statement pursuant to Local Rule 16.2.

**1.  Statement of the Case**

Plaintiff and Defendant agree upon the following Statement of the Case except that areas of disagreement (as Plaintiff understands them) are noted in brackets and Plaintiff has updated the areas in bold:

Jonathan McPhee served as Symphony New Hampshire's Music Director from May of 2008 until September 6, 2017.  Symphony New Hampshire is a non-profit corporation that has an Executive Director and a Board of Trustees.  The Board of Trustees have a Finance Committee and a Governance Committee.  Marc Thayer **was** Symphony New Hampshire's Executive Director and Dr. Robert Oot **was** President of the Board of Trustees during the relevant time period.

Mr. McPhee claims that Symphony New Hampshire terminated his [at-will employment] on September 6, 2017 in retaliation for his raising financial [concerns].  He brings legal claims of Wrongful Termination and violation of New Hampshire's Whistleblower Protection Act.

Symphony New Hampshire disputes these claims and asserts that it terminated Mr. McPhee's [employment] because the working relationship between Mr. McPhee and Mr. Thayer and between Mr. McPhee and Dr. Oot had broken down.

In addition, Mr. McPhee claims that Symphony New Hampshire, through Dr. Oot, defamed him in an email to consultant/recruiter Polly Kahn in 2017, and in an email to Symphony New Hampshire trustees, supporters, donors and friends in June 2018. Symphony New Hampshire asserts that the emails were not defamatory.

**2.       Witnesses (updated)**

    A.       The Plaintiff expects to call the following witnesses to testify at trial:

| |
|---|
| Amy DeRoche |
| Jeff Ditman |
| Karen Duschesne |
| Anne Egan |
| Mary Jordan |
| Polly Kahn |
| Joseph Kenny |
| Richard J. Maloney, CPA, ABV, Maloney & Kennedy, PLLC |
| Carol Ann McGurk |
| Deborah McPhee |
| Jonathan McPhee |
| Catharine Newick, MA, Business Decision Services |
| Robert Oot |
| Laurie Spira-Savett |
| Marc Thayer |
| Lisa Tourangeau |
| Wilberto Torres |
| Eric Valliere |
| Matt Van Wagner |

    B.       The Plaintiff may call the following witnesses:

| |
|---|
| Joseph Olefirowicz |
| Current and/or former Symphony New Hampshire Board Members, including, but not limited to, Geraldine Ann Boisvert, Karin Duchesne, John Rein, Galina Szakacs, Barbara Young, K. Drew Wilson, and; |
| Representatives of Montagne Communications |

The Court previously granted McPhee's motion to permit Polly Kahn to testify from New York via videoconferencing. Order, October 3, 2019 (granting doc. no. 63). Plaintiff will subpoena her to testify **via videoconferencing (she now lives in Massachusetts over 100 miles from D.N.H.).**

Should SNH call Jeff Ditman as an expert witness, McPhee reserves the right to call Maloney in rebuttal in addition to his testimony during McPhee's case.

The Plaintiff reserves the right to call any and all of Defendant's witnesses. Plaintiff reserves the right to amend this witness list up to, and including, the time of trial.

    C.    Defendant's Witnesses:

*See* Defendant's Pretrial Statement.

**3.**     **Waiver of Claims or Defenses**

The Plaintiff waives no claims and presumes that the Defendant waives no defenses.

**4.**     **Depositions That May Be Read Into Evidence**

The Plaintiff reserves the right to read the deposition of any witness who has been deposed in this litigation into evidence and/or show the videos of any depositions which have been taken in this case.

**5.**     **Exhibits (updated)**

The Plaintiff may offer at trial the exhibits listed on the attached exhibit list, Exhibit 1. This list has been supplemented, but originally filed exhibit numbers have been retained. The Plaintiff reserves the right to amend his Exhibit List up to and including the time of trial. The Plaintiff reserves the right to offer any or all of the exhibits listed by Defendant. **Plaintiff is in the process of redacting exhibits to comply with the Court's Orders on the Motions in Limine (Docs. 145 and 149), and assumes that Defendant is doing the same.**

**6.     Jury Evidence Recording System (JERS)**

The parties will be using JERS.

**7.     Itemization of Special Damages**

As a result of the wrongful termination of his employment and violation of the New Hampshire Whistleblower Protection Act, RSA 275-E, the Plaintiff has suffered, and continues to suffer, substantial injury and damage, including, but not limited to, lost wages and benefits, future lost wages and benefits, physical pain and suffering, emotional distress, and enhanced compensatory damages for the wanton, oppressive, and malicious actions of the Symphony, all within the jurisdictional limits of this Court.

Plaintiff also seeks reasonable attorneys' fees and costs, all within the jurisdictional limits of this Court pursuant to RSA 275-E:2, II.

As of March 19, 2019, the Plaintiff's lost wages and benefits ("back pay") were approximately $95,091. His future lost wages and benefits ("front pay") are approximately $468,884. These figures are based on the March 19, 2019 updated Analysis of Lost Income prepared by Catharine S. Newick, MA.  Plaintiff is in the process of having Ms. Newick update her report to reflect the current trial date and additional losses Mr. McPhee has suffered since March of 2019.

As a result of Defendant's defamatory statements, the Plaintiff is entitled to damages, including harm to his reputation, loss of business and future employment, and any other damages that are the natural consequence of the defamatory statements.  Defendant's ill will in making these statements also entitle the Plaintiff to compensation for mental distress, insult, degradation, and injured feelings and pride.  In addition, Defendant's defamatory statements amount to defamation *per se*, as they caused harm to the Plaintiff in his trade or business.  Therefore, Mr. McPhee is entitled to general damages.

As of August 1, 2021, the Plaintiff's attorneys' fees are **$731,274.75**, and his costs are approximately **$44,356.60**. The Plaintiff's attorneys' fees and costs are expected to increase substantially through the trial of this case, including, but not limited to, expert expenses for Plaintiff's experts Catharine S. Newick, MA and Richard J. Maloney, CPA, ABV.

8. **Latest Demand and Offer**

The Defendant made a settlement offer of $5,000 on June 22, 2018. The parties mediated this case on September 13, 2019, but no settlement was reached. **The Defendant made a subsequent offer of $250,000 on August 10, 2021 (through the Mediator, Greg Clayton). The Plaintiff responded to the offer (through the Mediator) and indicated that settlement of this case could be reached within the policy limits of $1,000,000.**

9. **Statement of Claim for Attorneys' Fees**

The Plaintiff seeks reasonable attorneys' fees and costs pursuant to RSA 275-E:2, II.

10. **Requests for a View**

The Plaintiff does not request a view.

11. **Estimate of Length of Trial**

The Plaintiff anticipates that the trial in this matter will last approximately ten days.

12. **Other**

**The Plaintiff requests that the Court instruct each witness (outside of the presence of the Jury) about prohibited testimony based on the Court's rulings on Motions in Limine (Doc. nos. 145 and 149 and any other Motions in Limine the Court grants before trial).**

                          Respectfully submitted,

                          JONATHAN MCPHEE, Plaintiff

                          By His Attorneys,
                          UPTON & HATFIELD, LLP

Date:  August 17, 2021          By:  /s/ Lauren S. Irwin
                                                  Lauren S. Irwin, NHBA #10544
                                                  Heather M. Burns, NHBA #8799
                                                  Brooke Lovett Shilo, NHBA #20794
                                                  10 Centre Street, P.O. Box 1090
                                                  Concord, NH 03302-1090
                                                  (603) 224-7791
                                                  lirwin@uptonhatfield.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing was served upon counsel of record via ECF system this date.

Date:  August 17, 2021                                       /s/ Lauren S. Irwin
                                                               Lauren S. Irwin