UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Jonathan McPhee</u>

    v.                                                         Civil No. 18-cv-322-LM

<u>Symphony New Hampshire</u>

## FINAL PRETRIAL ORDER

1. <u>Date of Pretrial Conference</u>:  September 9, 2021.

2. <u>Counsel Present</u>: Attorneys Lauren Irwin, Heather Burns, and Brooke Shilo appeared for the plaintiff, and Attorneys Gary Burt and Thomas Pappas appeared for the defendant.

3. <u>Type of Trial</u>:  Jury.

4. <u>Date of Trial</u>: Jury selection will take place on September 21, 2021, with trial beginning September 22, 2021. There will be no trial on Friday, October 1, 2021.

5. <u>Estimated Length of Trial</u>: 12 days.

6. <u>Stipulations</u>:  Parties shall file any stipulations on or before jury selection, **September 21, 2021**.

7. <u>Motions</u>: To the extent counsel has last-minute disputed evidentiary or other legal questions that can be resolved before trial, the court will entertain these matters at a status conference on **Monday, September 20, 2021, at 2:30 p.m.**  To the extent that the dispute requires detailed legal research, any written memoranda shall be filed on or before **September 15, 2021, at 5 p.m**. Responses shall be filed on or before **September 17, 2021, at 5 p.m.**

8. <u>Pending Motions</u>: Document nos. 168, 169, 170, 171, 172, 173 (all six motions filed by plaintiff).

    As the court explained during yesterday's hearing, it can be difficult to rule on motions in limine out of the context of the evidence at trial.  The parties

should be prepared to renew any of these motions at trial so to give the court an opportunity to rule on the issue in the context of the evidence at trial.

At yesterday's hearing, the court heard from the parties and issued oral rulings on each of the pending motions. A brief summary of the court's rulings follows:

- Document no. 168 (Plaintiff's motion to permit statement about Symphony New Hampshire's insurance coverage in allegedly defamatory email). This motion is denied for all the reasons stated on the record. Evidence of defendant's insurance coverage shall be redacted from any document plaintiff seeks to admit.

- Document no. 169 (Plaintiff's motion to exclude evidence re: SNH receipt of legal advice). This motion is granted. Defendant did not object.

- Document no. 170 (Plaintiff's motion to exclude evidence re: plaintiff's stale lawsuit against Dr. Oot). This motion is granted. Defendant did not object.

- Document no. 171 (Plaintiff's motion to exclude claims of discrimination or harassment by Ms. Ripka).

  This motion is granted for the reasons stated on the record. Ripka's email about her concerns and disputes with plaintiff is not relevant. Defendant did not object with respect to concerns and disputes Ripka has voiced about plaintiff. Defendant does, however, intend to introduce an email from plaintiff about a dispute concerning Ripka. This ruling does not prohibit evidence dealing with Ripka that is otherwise admissible.

- Document no. 172 (Plaintiff's motion to exclude testimony of Alessi and Brazeau).

  This motion is granted to the following extent: (a) neither witness will be permitted to testify about the nature of plaintiff's relationship with Executive Director Thayer, Dr. Oot, or to other SNH Board members based on their interactions with him or their impressions of him drawn from his history with other organizations; (b) neither witness may testify that they found plaintiff personally difficult to work with as their experiences were not considered by SNH's decisionmakers; and

(c) neither witness may testify about prior negative experiences of their own with plaintiff or their awareness of any negative experiences plaintiff may have had with Lexington Symphony. This is all character evidence and is excluded for the reasons stated on the record.

This motion is denied to the extent it seeks to prohibit these witnesses from: (a) offering testimony dealing with plaintiff's status as employee or independent contractor; (b) testifying about their personal knowledge of plaintiff's working relationship with Thayer or Dr. Oot; or (c) testifying about SNH's finances during the relevant time frame (mid-late 2016 through September 2017).

- <u>Document no. 173</u> (Plaintiff's motion to permit Van Wagner to testify via video). This motion is granted. Defendant did not object.

9. <u>Miscellaneous Legal Issues</u>:

(a) <u>Time-stamp discrepancy</u>: Plaintiff raises an issue about possible discrepancies in time zone offsets for emails produced by defendant. At the pretrial conference, plaintiff orally moved to exclude approximately 124 emails with the alleged issue. Defendant represented that the correct information had been produced, that the issue of discrepancies in time zone offsets was limited to six emails, and that the issue with the six emails had been corrected by defendant's supplemental production.

Plaintiff's oral motion is denied. Counsel for defendant timely made a supplemental production of the affected emails once the issue was noticed. There is no reason to believe that the emails and their accompanying metadata, as produced, do not show accurate dates and times.

If, at trial, it appears that the date or time on any exhibit before the jury is inaccurate or that the accuracy of the date or time on any exhibit affects the credibility of the witness, the court requests that the matter be brought to the court's attention to be addressed at sidebar. It is, however, the court's expectation that the parties will resolve this issue among themselves prior to trial so that it does not interfere with the orderly and expedient disposition of this case.

(b) <u>Plaintiff's use of defendant's expert (Ditman) in plaintiff's case in chief</u>: Defendant raises an issue with plaintiff's apparent intention to call defendant's expert, Jeff Ditman, in his case in chief. At the pretrial conference, defendant orally moved to preclude plaintiff from doing so. As

discussed on the record, the court requests briefing on the issue. Defendant may file a brief on or before September 15 at 5 p.m., and plaintiff may respond by September 17 at 5 p.m.

(c) <u>Whistleblower Statute</u> (definition of "assistant" in RSA 275-E:1, I(d)): RSA 275-E:1, part of the New Hampshire Whistleblowers' Protection Act, states that a person is not an "employee" for purposes of the Act if he meets certain criteria, which include, inter alia, whether "[t]he person hires and pays the person's assistants, if any, and to the extent such assistants are employees, supervises the details of the assistants' work." RSA 275-E:1, I(d). Defendant contends that the term "assistants" applies narrowly to people who work exclusively for a putative employee, and that plaintiff had no assistants under this narrow interpretation. For the reasons stated on the record, the court requests briefing on this legal issue as to the meaning of the term "assistants" in RSA 275-E:1, I(d), and, specifically, about whether individuals paid by defendant (e.g., its librarian) were plaintiff's "assistants" under the meaning of the statute. Defendant may file a brief on or before September 15 at 5 p.m., and plaintiff may respond by September 17 at 5 p.m.

10. <u>Jury Selection</u>:  Court to issue separate order which will also address attorney-conducted voir dire.

11. <u>Exhibits and Exhibit Lists</u>: One thumb drive and one paper copy of the exhibits are to be premarked and submitted to the Clerk's Office not later than **September 14, 2021**, in accordance with the document entitled "Procedure For Marking Exhibits" which is attached hereto and made a part hereof. Any objections to exhibits shall be set forth briefly in writing and filed with the exhibits. <u>Counsel shall notify each other at the time the exhibits are submitted if any custodian will be required for any exhibit</u>.

12. <u>Deposition Transcripts</u>: Prior to trial, parties shall stipulate with respect to portions of any videotaped (or other) deposition testimony that any party intends to admit. The court anticipates that the parties will negotiate in good faith to avoid litigating the admissibility of portions of any deposition transcript. To the extent the parties cannot reach a stipulation, they shall bring any disputes to the attention of the court on or before **September 15, 2021, at 5 p.m.** Any disputes regarding admissibility of portions of deposition testimony shall be presented in a motion that outlines the disagreements and attaches the entire deposition transcript or those portions necessary for the court to issue a ruling. The disagreements shall be outlined in chart format as follows (or in substantially similar fashion):

4

| Page/Line | Basis for Admissibility | Basis for objection |
|---|---|---|
|  |  |  |
|  |  |  |

Additionally, on or before **September 15, 2021, at 5 p.m.** counsel shall submit any agreed-upon instruction to give the jury at the time that the deposition evidence is admitted.

13. Electronic Evidence: JERS shall be used in this case. The parties are directed to the United States District Court's policy regarding electronic evidence which applies in this case. See Presenting Electronic Evidence to Deliberating Petit Jurors located at http://www.nhd.uscourts.gov/jury-evidence-recording-system-jers. JERS exhibits are due to the Clerk's Office on a thumb drive not later than **September 14, 2021**. Note that the JERS thumb drive is different from the thumb drive referred to in paragraph 9 (trial exhibits). Follow the instructions that apply to JERS exhibits.

14. Public Access: The court will issue a public access order prior to jury selection.

15. Reserved Seating in the Courtroom: Each side is allowed no more than a total of four attorneys (or legal assistants) in the well of the courtroom. Each side will have three reserved seats in the public gallery of the courtroom. The general public will have two additional seats that will be assigned on a "first come, first serve" basis. To the extent a party needs an additional reserved seat in the gallery of the trial courtroom, that party must seek the approval of the court's case manager—who will coordinate with the court staff in advance of that trial date. There will be an "overflow" courtroom for 15 additional people. Seats will be available in the overflow courtroom on a "first come, first serve" basis.

16. "Will-Call" Witness List: The parties shall exchange and file a list of witnesses they intend to call at trial at the time they pre-mark and submit exhibits. The parties will be bound by the witnesses disclosed in this list absent extraordinary circumstances.

17. Efficient Use of Jury Time: To the extent possible, parties shall anticipate and notify the court of any evidentiary disputes that can be discussed outside the presence of the jury. The court intends to utilize jury time in the most efficient manner possible. **This is especially the case during this pandemic.** The court will give counsel an opportunity to alert the court at

each break during the trial and at the beginning and end of each day of trial. The court will meet with counsel at least one-half hour before the trial is scheduled to begin each day of trial. Trial will start every day at 9 a.m. and go until 4 p.m. Counsel should anticipate meeting with the court at the end of each day of trial, as necessary.

18. <u>Confirm Date and Time of Jury Selection</u>: In order to utilize the court's resources to the fullest extent and keep counsel informed as to their status on the trial list, counsel are directed to call Courtroom Deputy Donna Esposito at (603) 225-1623 to confirm the date and time of jury selection.

**SO ORDERED.**

_____
Landya McCafferty
United States District Judge

Date: September 10, 2021

cc: Counsel of Record.